IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| WILLIAM HAROLD GALVIN, JR., | ) | |
|     Plaintiff, | ) | Civil Case No. 7:21-cv-00351 |
| v. | ) | |
| | ) | |
| BATH COUNTY SHERRIFFS OFFICE, | ) | By: Elizabeth K. Dillon |
| *et al.*, | ) |     United States District Judge |
|     Defendants. | ) | |

**MEMORANDUM OPINION**

Plaintiff William Harold Galvin, Jr., an inmate proceeding *pro se*, filed this action pursuant to 42 U.S.C. § 1983. It is now before the court for review pursuant to 28 U.S.C. § 1915A(b). For the reasons discussed herein, the court concludes that the complaint, as currently pled, fails to state a claim for which relief can be granted and must be dismissed.

I. BACKGROUND

Galvin's complaint names two defendants: "Bath County Sherriffs Office" and "Jeffrey A. Grimm," who Galvin describes as a sheriff or police officer. His complaint is sparse on details. He alleges that on October 14, 2020, he was in a car accident and was ejected from the vehicle. He states that he was "in and out of consciousness" and a bystander waited with him until the helicopter and police arrived. He then alleges, "Officer Jeffrey Grimm arrived on scene and unnecessarily began to use excessive force because I could not physically comply with his directives." (Compl. 4, Dkt. No. 1 (misspellings corrected).) He offers no additional detail as to what Grimm did that he believes constituted "excessive force."

II. DISCUSSION

Under 28 U.S.C. § 1915A(a), the court must conduct an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or

employee of a governmental entity." *See also* 28 U.S.C. § 1915(e)(2)(B) (requiring court, in a case where a plaintiff is proceeding *in forma pauperis*, to dismiss the case if it is frivolous or fails to state a claim on which relief may be granted). Pleadings of self-represented litigants are given a liberal construction and held to a less stringent standard than formal pleadings drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam). Liberal construction does not mean, however, that the court can ignore a clear failure in a complaint to allege facts setting forth a claim cognizable in a federal district court. *See Weller v. Dep't of Social Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *Loftus v. Bobzien*, 848 F.3d 278, 284–85 (4th Cir. 2017) (internal quotation marks omitted). Liability under § 1983 is "personal, based upon each defendant's own constitutional violations." *Trulock v. Freeh*, 275 F.3d 391, 402 (4th Cir. 2001) (internal citation omitted). Thus, a § 1983 claim requires factual detail about each defendant's personal involvement. *See Wilcox v. Brown*, 877 F.3d 161, 170 (4th Cir. 2017) (explaining that liability will lie under § 1983 only "where it is affirmatively shown that the official charged acted personally" in the violation of plaintiff's rights and affirming dismissal of claim where plaintiff did not allege personal involvement by defendant) (quoting *Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977)).

A. **Defendant "Bath County Sherriffs Department" and Official-Capacity Claims**

To the extent Galvin names the "Bath County Sherriffs Department" as a defendant, his claims fail. First of all, no legal entity with that name exists; Virginia merely authorizes and identifies the duties of a sheriff and his deputies. *Cf.* Va. Code Ann. §§ 15.2-1609, 15.2-

1609.1. Thus, that defendant cannot be sued under § 1983. *See Revene v. Charles Ct. Comm'rs*, 882 F.2d 870, 874 (4th Cir. 1989) (explaining that a sheriff's office is "not a cognizable legal entity separate from the Sheriff in his official capacity" and cannot be sued under § 1983).

But even if Galvin had named the sheriff, a sheriff in Virginia is an "arm of the State" for purposes of the Eleventh Amendment and is entitled to Eleventh Amendment immunity from suit. *Bland v. Roberts*, 730 F.3d 368, 390–91 (4th Cir. 2013); *see also Cadmus v. Williamson*, No. 5:15-cv-045, 2016 WL 1047087, at *4–*5 (W.D. Va. Mar. 10, 2016) (dismissing with prejudice claims for money damages against the sheriff in his official capacity). "[A]n entity with Eleventh Amendment immunity is not a 'person' within the meaning of § 1983." *Howlett v. Rose*, 496 U.S. 356, 365 (1990). Thus, to the extent Galvin's § 1983 claims seek money damages against the sheriff or against Grimm (assuming he is a deputy sheriff) in their official capacities, any such claims are subject to dismissal.[1] Because Galvin's complaint seeks only monetary relief and no injunctive relief, moreover, any official-capacity claims must be dismissed in their entirety.

**B. Excessive Force Claim Against Defendant Grimm**

Liberally construing the complaint to include an individual-capacity claim against the second defendant, Grimm, that claim fails because Galvin's complaint does not allege sufficient factual matter to state a plausible constitutional violation. It is unclear from the complaint if Galvin was arrested by Grimm or Grimm was simply trying to assist Galvin to the helicopter. Regardless, where an "excessive force claim arises in the context of an arrest or investigatory

---

[1] Galvin does not identify any action or omission by the sheriff himself that could give rise to an individual-capacity claim.

3

stop of a free citizen," the officer's conduct is analyzed under the Fourth Amendment and its objective reasonableness standard. *Graham v. Connor*, 490 U.S. 386, 395 (1989).

Under this standard, the court determines "whether the officers' actions are 'objectively reasonable' in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation." *Id.* at 397. This objective standard is "not capable of precise definition or mechanical application," *Bell v. Wolfish*, 441 U.S. 520, 559 (1979), but instead "requires careful attention to the facts and circumstances of each particular case." *Graham*, 490 U.S. at 390.

In this case, the court is unable to conduct any meaningful analysis under the Fourth Amendment standard because Galvin provides no facts describing what was occurring, What Grimm directed him to do, or what Grimm did. Although a complaint "does not need detailed allegations," a plaintiff's pleading obligation "requires more than labels and conclusions." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Galvin has not met his obligation because he states only that Grimm used excessive force, but he alleges no factual matter to support that legal conclusion. In particular, the complaint provides no details as to what Grimm allegedly did, what force he applied, or how. Nor does it describe anything immediately preceding the use of force that would—or would not—have justified it. Although Galvin states he could not comply with Grimm's commands because of his physical injuries, he does not allege what those commands were.

As it is currently pled, then, Galvin's complaint is subject to dismissal under 28 U.S.C. § 1915A(b)(2) for failure to state a claim for which relief can be granted. In light of his status as a *pro se* litigant, however, the court will give Galvin an opportunity to amend his complaint to correct the noted deficiencies.

III. CONCLUSION

For the foregoing reasons, the court will summarily dismiss Galvin's complaint without prejudice under § 1915A(b)(1), except for all claims against the "Bath County Sherriffs Dept.," which will be dismissed with prejudice. If he chooses, Galvin may file an amended complaint against defendant Grimm within thirty days.

An appropriate order will be entered.

Entered: November 4, 2021.

*/s/ Elizabeth K. Dillon*
Elizabeth K. Dillon
United States District Judge